IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03092-GPG-SBP

SECURIAN LIFE INSURANCE COMPANY,

    Plaintiff,

v.

SOPHIA LEAH MARTINEZ, INDIVIDUALLY and AS NEXT FRIEND OF M.A., A MINOR CHILD,
MALIKEA FLORES A/K/A MALALIKA SAMBULA,
ELIUD TOLLIVER,
CRESHON ANTHONY LUSK A/K/A CRESHON ANTHONY ALVAREZ,
RENEISHA ALVAREZ,
RONALDO ALVAREZ, JR.,
ARI ALVAREZ A/K/A ARIN MCENANY, and
SHALYN ALVAREZ A/K/A SHYLN ALVAREZ,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO DEPOSIT INTERPLEADER FUNDS INTO THE REGISTRY OF THE COURT**

**Susan Prose, United States Magistrate Judge**

    Presently before the court is Plaintiff Securian Life Insurance Company's motion to deposit interpleader funds into the registry of the Court (the "Motion"). ECF No. 2. The undersigned Magistrate Judge is authorized to decide this matter pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Order Referring Case (ECF No. 5), and the Memorandum Referring the Motion (ECF No. 6).

    The Motion seeks to deposit $52,000 in life-insurance proceeds (the "Policy Proceeds"), plus any accrued interest, into the court's registry. *Id*. at 1-2. Plaintiff states that

it is a disinterested stakeholder facing conflicting claims by defendants to the Policy Proceeds following the death of the insured, Ronaldo Alvarez, on May 19, 2025. *Id*. This court has original jurisdiction over this action in accordance with the federal interpleader statute, 28 U.S.C. § 1335 because the controversy involves multiple and conflicting claims to proceeds due under a policy of insurance in the amount of $500.00 or more. *See* 28 U.S.C. 1335(a). Diversity of citizenship exists under 28 U.S.C. § 1335(a)(1) because two or more adverse claimants named as Defendants are of diverse citizenship.

      Federal Rule of Civil Procedure 67(a) permits a party, with leave of court, to deposit money with the court where the money is the subject of the action, and sections 2041 and 2042 of Title 28, govern the deposit and withdrawal of registry funds. In this District, registry deposits are administered through the Court Registry Investment System under D.C.COLO.LCivR 67.2. Here, a deposit under Rule 67 is warranted because the funds to be deposited are the precise funds in dispute, the presence of competing claims creates a risk of inconsistent obligations if Plaintiff were required to hold the money pending judgment, and depositing the money with the court keeps the disputed funds secure without determining entitlement among the defendants. Accordingly, it is

      **ORDERED** that the Motion is **GRANTED**.[1] The Clerk of Court is directed to

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require

deposit into the court's Registry a check from Securian Life in the amount of $52,000 (the "Interpleader Funds"), plus any applicable interest, representing the Policy Proceeds in Securian Life's Complaint for Interpleader, to be submitted to the court within thirty (30) business days after entry of this Order, and that such monies be placed into an account pending resolution of the controversy, the court's adjudication of the conflicting claims, and/or further order of the court.

DATED: October 9, 2025                         BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").